CASE 32—PETITION ORDINARY—APRIL 29.

## Hays v. Citizens Savings Bank.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. FOREIGN BILLS OF EXCHANGE—ENDORSERS—NOTICE OF NON-PAYMENT—DISHONOR—PARTNERSHIP.—When a foreign bill of exchange is endorsed to and discounted by a bank by the drawer thereof, the cashier of which bank was the partner of the drawer and the bill was drawn and discounted in the course of the partnership venture, notice of its dishonor and non-payment to the endorser is unnecessary to charge him with liability. The cashier of the bank being a member of the firm, and having knowledge of the dishonor and non-payment, notice to him was notice to all the members of the firm.

2. PRESUMPTION.—Inasmuch as the cashier, who was a member of the firm could have had the bill protested, or as a partner

could have waived protest thereof, the presumption should be indulged that he did waive the protest.

POWERS & ATCHISON FOR APPELLANT.

1. The bill was on the footing of a foreign bill of exchange and in order to bind the appellant as endorser on it it was necessary to protest it and, give him notice of such protest; and because Moore was cashier of the bank, and had knowledge of the dishonor of the note, and through fraud or negligence failed to protest the same, is no reason why notice of dishonor and non-payment should not have been given to Hays. The bank has its remedy against its cashier, if through his negligence or fraud in failing to protest the bill, it was injured.

2. The liability of the drawer or endorser of a bill of exchange is not an unconditional one, and is not fixed when the paper is signed and delivered, but only after all the necessary conditions are fulfilled, such as presenting the bill at the place and time of payment on the day of maturity, and if unpaid, protesting it and notice given of the protest. Wilson v. Seignor, 14 Wis., 380; Lenox v. Roberts, 2 Wheaton, U. S., 373; Story on Promissory Notes, secs. 198 and 402; Gilbert v. U. S. Bank, 11 Wheaton, 431; Parson on Notes and Bills, vol. 1, sec., 470.

3. Partners may bind each other where a partnership exists, because the one is the agent of the other for certain purposes; but the one is not the agent of the other for committing a fraud, and by its commission invalidate a contract between the partner and another person.

R. S. TODD FOR APPELLEE.

1. The pleading filed by the appellant upon return of this case after the former appeal is inconsistent with the original answer of the appellant, and was properly stricken from the files for that reason. The alleged mistake in the first answer or lack of knowledge at that time with reference to when the bill was protested shows the appellant to have been guilty of gross negligence, as the bill was filed with the original petition and shows when it was due, and when it was protested.

2. Reason and authority alike require that if on the first appeal there is a question in the record, which if decided in favor of the appellee would entitle him to an affirmance of the judgment, it is his duty to present it to the court, when it will become the duty of the court to decide it; and if the appellee

fails to present the question, and the court fails to decide it, and reverses the judgment, on a subsequent appeal the question must be treated as having been decided adversely to the appellee. Davis v. McCorkle, 14 Bush, 746; Merideth v. Clark, Sneed, 189; Mason v. Mason, 5 Bush, 193; Johnson v. Barnes, 8 Ky. Law Rept., 956; Mann v. Stowers, 9 Ky. Law Rept., 290; Newton v. Carson, 9 Ky. Law Rept., 476; Taliaferro v. The City of Dayton, 12 Ky. Law Rept., 139; L. & N. R. R. v. Blair, 12 Ky. Law Rept., 294.

3. Moore was a partner of appellant as decided by the court on the former appeal, and as cashier of the bank knew when the bill fell due, and had notice of its dishonor and non-payment, and notice to one partner is notice to all the members of the firm.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The bill of exchange upon which this action was brought was drawn by J. D. Hays on and accepted by Howard, indorsed by Hays and discounted by appellee bank. Moore was cashier of the bank when the bill was discounted and when it matured. On the former appeal of this case to this court it was decided that Moore and Hays were partners, doing business under the firm name "J. D. Hays," and that the bill was drawn and discounted in the course of the partnership venture. While the case came here on the action of the court in sustaining a demurrer to the petition, yet the amended answer did essentially change the facts upon which this court so adjudged; and the case, so far as the question of partnership is concerned, is *res judicata*. The bill at maturity was not protested, but this court (Citizens Saving Bank v. Hays, 16 Ky. Law Rep., 505) held that on the facts as then presented by the pleadings it was an inland bill of exchange and that protest was unnecessary, but that drawers and indorsers of such bills were entitled to

notice of non-payment, but as Moore was himself drawer on the paper, as well as Hays, and interested as a partner in the business, there was no reason for notice, as Moore knew of the date the paper matured and the fact of its nonpayment. On a return of this case Hays filed an amended answer, in which a section of the charter of the appellee is quoted, which in express terms places bills like the one in suit upon the footing of foreign bills of exchange. This answer presents a question which was not considered by the court on the former appeal. To charge drawers and indorsers on foreign bills of exchange, there should be a protest and notice of it given to them. The question is whether Moore, being by reason of the partnership, a drawer and indorser of the bill, with a knowledge of its dishonor and nonpayment, was there a necessity for a protest and notice in order to hold Hays liable on the bill? We are of the opinion that Hays as the partner of Moore is not nor can be held liable for any negligence or misconduct of Moore as cashier of the bank. Such a liability was not contemplated by the terms of the partnership, as he in no wise undertook to guarantee the bank against loss on account of the negligence or misconduct of Moore in the official position of cashier. The partnership venture had no relation to such a matter. Hays' liability on the bill turns upon the question as to whether the knowledge Moore had of the dishonor and nonpayment of the bill rendered a protest unnecessary in order to charge the members of the firm on it. If Moore had been alone the drawer and indorser of the bill, it seems to us that a protest of it would have been entirely unnecessary to charge him with liability. If

under such circumstances, he would have remained liable on it, why are not he and his partner liable, under the facts of the case, as a notice to one partner is a notice to all the members of the firm. We think, from another view of the case, the members of the firm can not properly claim to have been discharged from liability. Moore occupied a dual position. As cashier he could have had the bill protested. As a partner he could have waived protest for the firm. The presumption should be indulged that he did waive protest.

The judgment is affirmed.